**Robin JAMES, a married person in her separate capacity, Plaintiff–Appellant,**

v.

**PRICE STERN SLOAN, INC., a Delaware corporation; Penguin Putnam, Inc., a Delaware corporation, Defendants–Appellees.**

No. 00–35321.

D.C. No. CV–99–00456–RSL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2001.

Decided March 12, 2002.

Before KOZINSKI and GOULD, Circuit Judges, and SCHWARZER, Senior District Judge.[*]

MEMORANDUM [**]

The 1982 agreement between James and Price Stern assigned to Price Stern "the copyright and all rights of every kind and nature in and to the results and proceeds of [James's] services." [1] Because this is an integrated agreement, its meaning must be ascertained, insofar as possible, "from the writing alone." Cal. Civ.Code § 1639; *see also Beck v. Am. Health Group Int'l, Inc.,*

---

[*] The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the 1982 contract terminated whatever rights James may have had under her earlier agreements with Price Stern, our determination is governed by the language of the 1982 agreement. In any event, the earlier agreements contained identical language, and therefore our analysis would apply to them as well.

211 Cal.App.3d 1555, 260 Cal.Rptr. 237, 242 (1989).

We reject James's contention that the agreement conveyed only the rights associated with the copyright. The conjunction "and," which follows the reference to "the copyright," makes it clear that James assigned some additional rights; given the specific conveyance of the copyright, an alternative interpretation would render the reference to "all rights ... in and to the results and proceeds" meaningless. *Cf. Principal Mut. Life Ins. Co. v. Vars, Pave, McCord & Freedman,* 65 Cal.App.4th 1469, 77 Cal.Rptr.2d 479, 487 (1998). Given that the contract defines the "service" that James was to provide as the illustration of children's books, the phrase "all rights of every kind and nature in and to the results [of James's] services" can only be interpreted to include the ownership right to James's original artwork.[2]

Given that James's claim fails as to liability, we must also reject James's claim for punitive damages.

AFFIRMED.

---

**2.** Because we conclude that the contract is not susceptible to the interpretation that James advances, the extrinsic evidence she offers in support of her contention is inadmissible. *Davlar Corp. v. Superior Court,* 53 Cal. App.4th 1121, 62 Cal.Rptr.2d 199, 201 n. 2 (1997); *Banco do Brasil, S.A. v. Latian, Inc.,* 234 Cal.App.3d 973, 285 Cal.Rptr. 870, 886 (1991).