Filed 9/13/21  Arcos v. Axiom Materials CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ANDRES ARCOS, | |
| Plaintiff and Respondent, | G059763 |
| v. | (Super. Ct. No. 30-2020-0144794) |
| AXIOM MATERIALS, INC., | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Peter J. Wilson, Judge.  Affirmed.

Honigman and Matthew S. Disbrow for Defendant and Appellant.

AEGIS Law Firm, Kashif Haque, Samuel A. Wong, Jessica L. Campbell, and Fawn F. Bekam for Plaintiff and Respondent.

Axiom Materials, Inc. (Axiom) appeals from the trial court's order denying its motion to compel arbitration of employment-related claims in a putative class action suit filed by its former employee Andres Arcos (Arcos). It is undisputed Arcos signed an arbitration agreement (the Agreement) when he began his employment with Axiom. The dispute lies in the meaning of language in the Agreement; specifically, the claim exclusion clause in paragraph 3, which exempts from arbitration "[w]orker's compensation claims, . . . and claims under any other statute that expressly prohibits arbitration or waiver of statutory rights . . . ." Based on this language, the trial court concluded most of Arcos's claims were not subject to arbitration under the Agreement because they were nonwaivable statutory claims. The court found Arcos's remaining claims were arbitrable under the Agreement, but the court stayed arbitration of those claims because they were derivative of Arcos's nonarbitrable claims. We agree with the trial court and affirm the order.

## BACKGROUND

A. *The Parties' Arbitration Agreement*

Axiom, a California corporation located in Orange County, hired Arcos as a shipping and receiving clerk in January 2019.[1] When he began working for Axiom, Arcos signed an arbitration agreement presented by Axiom. The Agreement had 13 numbered paragraphs; the first three are relevant here.

The first paragraph (Paragraph 1) is entitled "Arbitration of Disputes, *Waiver of Jury Trial* and Applicable Rules." (Boldface & underline omitted.) It reads: "Except as set forth in Paragraph 3, below, Employee and Company agree that all claims Employee may have against Company . . . and all claims Company may have against Employee, relating in any way to Employee's recruitment, hiring, employment with or

---

[1] Axiom designs and manufactures products from composite materials that are used in the aerospace, military, and automotive industries, and it sells and ships equipment and parts across state lines and internationally.

2

termination of employment from Company, or otherwise arising between Employee and Company, shall be submitted to final and binding arbitration, under the Federal Arbitration Act ('FAA'), in accordance with California law and the Employment Rules of the American Arbitration Association ('AAA') or any successor thereto (the 'Rules'). . . . The award issued by the arbitrator shall be final and binding on the parties, and judgment on the award may be entered in any court of competent jurisdiction. Each party agrees that these arbitration provisions shall provide the exclusive remedy for any such dispute, and each party expressly waives any right he/she/it may otherwise have to seek redress by jury trial or in any other forum." (Boldface & italics omitted.)

The second paragraph (Paragraph 2) is a lengthy but nonexhaustive list of claims covered by the Agreement; it states: "Pursuant to Paragraph 1, above, this Agreement covers, without limitation, all matters directly or indirectly related to Employee's recruitment, hiring, employment or termination of employment from Company, including, but not limited to, alleged violations of Title VII of the Civil Rights Act of 1964, sections 1981 through 1988 of Title 42 of the United States Code and all amendments thereto, the Americans with Disabilities Act of 1990 ('ADA'), the Age Discrimination in Employment Act of 1967 ('ADEA'), the Older Workers Benefits Protection Act of 1990 ('OWBPA'), the Fair Labor Standards Act ('FLSA'), the Family Medical Leave Act ('FMLA'), the Occupational Safety and Health Act ('OSHA'), the Consolidated Omnibus Budget Reconciliation Act of 1985 ('COBRA'), the Employee Retirement Income Security Act of 1974 ('ERISA'), the Worker Adjustment Retraining Notification Act ('WARN'), the Equal Pay Act ('EPA'), the Uniformed Services Employment and Reemployment Rights Act ('USERRA'), the Genetic Information Nondiscrimination Act ('GINA'), the California Fair Employment & Housing Act, the California Labor Code, the California Civil Code, the California Gov't Code, the California Business and Professions Code, the California Family Rights Act, the California IWC Wage Orders, the California Constitution, and any and all other

3

discrimination, retaliation, harassment, or other claims under federal, state or local laws, or the common law, whether based on tort, contract, statutory, or equitable law, and regardless of the remedies being sought (including, without limitation, claims for economic, non-economic, compensatory, or punitive damages; back pay, vacation pay, commissions, or benefits; penalties, liquidated damages, or fees; and equitable or other remedies)."

The title of Paragraph 3 of the Agreement is "Claims Not Covered." (Boldface & underline omitted.) It states, in pertinent part: "Worker's compensation claims, claims for unemployment compensation benefits, and claims under any other statute that expressly prohibits arbitration or waiver of statutory rights are not covered by this Agreement."

Paragraph 10 explains the Agreement constitutes "the entire agreement between Employee and Company for the resolution of claims covered by [the] Agreement." Arcos and a representative of Axiom signed the Agreement under the statement: "Employee acknowledges and agrees that he or she has reviewed, understood, and entered into this agreement knowingly and voluntarily with the Company. This agreement can only be changed or revoked by a written agreement signed by both employee and the president of the Company." (Boldface & capitalization omitted.)

After working for Axiom for more than a year, Arcos resigned from the company in April 2020.

B. *Complaint*

In June 2020, Arcos filed a putative class action complaint against Axiom on behalf of himself and "similarly situated" persons, alleging six causes of action: (1) failure to pay overtime wages (Lab. Code, §§ 510, 1194, 1198; all further statutory references are to the Labor Code, unless otherwise indicated); (2) failure to provide meal periods (§§ 226.7, 512); (3) failure to permit rest breaks (§ 226.7); (4) failure to provide accurate itemized wage statements (§ 226); (5) failure to pay all wages due upon

4

separation of employment and within the required time (§§ 201, 202, 203); and (6) violations of the unfair competition law (Bus. & Prof. Code, §§ 17200 et seq.).

C. *Motion to Compel Arbitration and Opposition*

Axiom moved the court to compel Arcos to arbitrate all of his employment-related claims on an individual basis and to dismiss the case. A copy of the Agreement signed by Arcos was attached as an exhibit to Axiom's motion. Axiom argued the Agreement covered all of Arcos's claims for wage and hour violations under the Labor Code and unfair competition under the Business and Professions Code and that he must submit them to arbitration.

Arcos opposed the motion. Arcos asserted he was not required under the terms of the Agreement to arbitrate his claims concerning sections 201, 202, 203, 210, 226 and 226.7. His argument focused on Paragraph 3 of the Agreement and its language that "claims under any other statute that expressly prohibits arbitration or waiver of statutory rights are not covered . . . ." He contended this language was unambiguous. He argued section 219 prohibited waiver of his claims for violations of sections 201, 202, 203, 210, 226, and 226.7, and therefore, they were excluded from the Agreement. Arcos implicitly acknowledged his remaining claims, those based on sections 510 and 512 and the Business and Professions Code, were covered by the Agreement. He asserted the claims covered by the Agreement were derivative of his nonarbitrable claims and therefore should be stayed under Code of Civil Procedure section 1282.2, pending the outcome of his other claims.

Axiom filed a reply, urging the court to reject Arcos's reading of the Agreement's language. Axiom argued Paragraph 2 of the Agreement specifically included Labor Code claims and that Arcos's interpretation of Paragraph 3 would remove all Labor Code claims from the scope of the Agreement, "impermissibly" rendering Paragraph 2 "entirely meaningless." Axiom asserted the court should reject Arcos's reading of Paragraph 3 because all of the Agreement's provisions must be given effect.

5

Relying on rules of contract interpretation, Axiom argued the specific provision in Paragraph 2 expressly including Labor Code claims as covered by the Agreement controlled over the general provision in Paragraph 3 excluding nonwaivable statutory claims.

D. *The Trial Court's Ruling*

After a hearing, the trial court issued a minute order denying Axiom's motion to compel arbitration as to Arcos's claims for violations of sections 201, 202, 203, 210, 226, and 226.7. The court granted Arcos's stay of arbitration as to his remaining claims. In the minute order, the court provided a detailed ruling: "[Arcos] does not dispute the existence of a valid arbitration agreement ('Agreement') between the parties but argues that this dispute is excluded pursuant to the express terms of the Agreement. [Arcos] points to the language that excludes 'claims under any other statute that expressly prohibits . . . waiver of statutory rights . . .' [Arcos] contends his claims for violations of [sections] 201, 202, 203, 210, 226 and 226.7 cannot be waived, and are therefore, excluded from the Agreement. Additionally, [Arcos] contends that his remaining claims should be stayed pending resolution of these class claims pursuant to [Code of Civil Procedure section] 1282.2.

"[¶] . . . [¶]

"The Agreement begins with Section 1 and the general proposition that the parties agree to arbitrate their disputes. Using broad language, Section 2 then describes the categories of claims that are encompassed within the Agreement, and provides a non-exhaustive list of examples, including violations of the Labor Code, Business & Professions Code and Wage Orders.

"Section 3 narrows the scope of the Agreement by identifying the categories of claims that are excluded. Contrary to [Axiom]'s arguments, Section 3 is not a more general provision than Section 2. The heading of Section 3 is 'Claims Not Covered.' The body of Section 3 identifies the four, specific categories of claims that

6

'are not covered by this Agreement':  (1) workers' compensation claims; (2) unemployment compensation benefits claims; (3) claims under any other statute that expressly prohibit arbitration; and (4) claims under any other statute that expressly prohibit waiver of statutory rights.

"[Arcos] argues the fourth exclusion applies pursuant to [section] 219. [Section] 219[, subdivision] (a) provides that 'no provision of this article can in any way be contravened or set aside by a private agreement, whether written, oral, or implied.' California courts have found that [section] 219 prohibits waiver of [Arcos]'s claims for violations of [sections] 201, 202, 203, 210, 226 and 226.7.  [Citations.]  Thus, [Arcos]'s claims fall within the fourth exclusion and are not subject to arbitration.

"[Axiom] acknowledges that prospective waivers of the Labor Code are not [permissible] but contends that they may still be arbitrated.  [Citation.]  [Axiom]'s argument ignores the plain and ordinary meaning of Section 3 and would render the exclusion of 'claims under any other statute that expressly prohibits . . . waiver of statutory rights' as mere surplusage.  As [Axiom] correctly notes, an interpretation that renders express language as mere surplusage is not a permissible construction of a contract.  [Citations.]

"[¶] . . . [¶]

"Accordingly, the motion to compel arbitration of [Arcos]'s individual claims for violations of [sections] 201, 202, 203, 210, 226 and 226.7 is DENIED."

DISCUSSION

Axiom asserts the trial court erroneously interpreted the Agreement and the court's order should be reversed.  As the issue on appeal is a matter of contract interpretation without extrinsic evidence, it is subject to our independent review.  (*Mitri v. Arnel Management Co.* (2007) 157 Cal.App.4th 1164, 1169-1170.)

7

A. *Legal Principles Regarding Interpretation of Arbitration Agreements*

"""There is a strong public policy in favor of arbitration. [Citations.] [¶] Under both the [Federal Arbitration Act] [citation] and the California Arbitration Act (CAA; [citation]), arbitration agreements are valid, irrevocable and enforceable except upon grounds that exist for revocation of the contract generally. [Citations.]" [Citation.]'" (*Rebolledo v. Tilly's, Inc.* (2014) 228 Cal.App.4th 900, 912 (*Rebolledo*).) "'There is, however, "no public policy in favor of forcing arbitration of issues the parties have not agreed to arbitrate." [Citation.]'" (*Ibid.*) This is because """[a]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.' [Citations.]" [Citations.]' [Citation.]" (*Ibid.*)

Given that the right to arbitration is dependent upon a valid, enforceable contract, "'a petition to compel arbitration is simply a suit in equity seeking specific performance of that contract. [Citations.]'" (*Rebolledo, supra*, 228 Cal.App.4th at p. 912.) Thus, "when a petition to compel arbitration is filed and accompanied by prima facie evidence of a written agreement to arbitrate the controversy, the court itself must determine whether the agreement exists and, if any defense to its enforcement is raised, whether it is enforceable." (*Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 413.)

"'The scope of arbitration is a matter of agreement between the parties.' [Citation.] 'A party can be compelled to arbitrate only those issues it has agreed to arbitrate.' [Citation.] Thus, 'the terms of the specific arbitration clause under consideration must reasonably cover the dispute as to which arbitration is requested.' [Citation.] For that reason, 'the contractual terms themselves must be carefully examined before the parties to the contract can be ordered to arbitration' by the court. [Citation.] [¶] 'However, doubts as to the scope of an agreement to arbitrate are to be resolved in favor of arbitration.' [Citations.] As a corollary, 'an exclusionary clause in an arbitration provision should be narrowly construed.' [Citation.]" (*Molecular Analytical Systems v.*

8

*Ciphergen Biosystems, Inc.* (2010) 186 Cal.App.4th 696, 705.) But as we have explained, "'[C]ourts will not infer that the right to a jury trial has been waived'" in the absence of "'a clear agreement to submit disputes to arbitration . . . .'" (*Avery v. Integrated Healthcare Holdings, Inc.* (2013) 218 Cal.App.4th 50, 59; accord, *Lamps Plus, Inc. v. Varela* (2019) ___ U.S. ___, ___ [139 S.Ct. 1407, 1415] ["arbitration 'is a matter of consent, not coercion'"].)

"'[I]n ruling on a motion to compel arbitration, the court must first determine whether the parties actually agreed to arbitrate the dispute. [Citations.] General principles of California contract law guide the court in making this determination. [Citations.]' [Citation.]" (*Rebolledo, supra*, 228 Cal.App.4th at p. 912.) "'The basic goal of contract interpretation is to give effect to the parties' mutual intent at the time of contracting. [Citations.] When a contract is reduced to writing, the parties' intention is determined from the writing alone, if possible. [Citation.] "The words of a contract are to be understood in their ordinary and popular sense." [Citations.]'" (*Id.* at p. 913.) "'Furthermore, "[t]he whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." [Citation.]' [Citation.]" (*Flores v. Nature's Best Distribution, LLC* (2016) 7 Cal.App.5th 1, 9.)

B. *Analysis*

Applying these basic principles of contract interpretation, we analyze whether Arcos's "'causes of action fall within the scope of the arbitration clause.'" (*Rebolledo, supra*, 228 Cal.App.4th at p. 912.) We begin by examining the language of the Agreement as the parties do not dispute the Agreement's validity. Paragraph 1 broadly states: "*Except as set forth in Paragraph 3*, below, Employee and Company agree that all claims . . . arising between Employee and Company, shall be submitted to final and binding arbitration, under the Federal Arbitration Act . . . ." (Italics added.) Paragraph 2 is a nonexhaustive list of claims covered. It provides, in relevant part, that

9

"[p]ursuant to Paragraph 1" the Agreement covers all matters related to "alleged violations of . . . the California Labor Code, . . . the California Business and Professions Code, [and] . . . the California IWC Wage Orders . . . ." The disputed language appears in Paragraph 3, the exclusion clause, which states in pertinent part: "Worker's compensation claims, claims for unemployment compensation benefits, and *claims under any other statute that expressly prohibits arbitration or waiver of statutory rights are not covered by this Agreement*." (Italics added.)

The parties offer different interpretations of the above italicized language. Axiom asserts this language should be read to exclude from the Agreement only "claims for which arbitration is prohibited." It urges us to construe Paragraph 3 as referring to statutory claims "that cannot be arbitrated as a matter of procedural, rather than substantive, law" to harmonize it with Paragraph 2. Axiom contends this reading is supported by the inclusion in Paragraph 3 of worker's compensation and unemployment compensation claims, which are procedurally excluded from arbitration. Arcos responds the language in Paragraph 3 is unambiguous, "straightforward and self-explanatory" and excludes not only statutory claims for which arbitration is prohibited but also nonwaivable statutory claims. Arcos has the better argument.

Giving the language used in Paragraph 3 its ordinary and usual meaning (*Lloyd's Underwriters v. Craig & Rush, Inc.* (1994) 26 Cal.App.4th 1194, 1197), the provision is reasonably read to mean nonwaivable statutory claims are excluded from the Agreement, as well as claims under statutes that prohibit arbitration. Axiom proposes Paragraph 3 "should be construed to refer to statutory claims where arbitration is not permitted, not all statutory claims that contain non-waivable substantive rights." We disagree. If Axiom intended to exclude from the Agreement only statutory claims where arbitration is prohibited, then it could have easily drafted Paragraph 3 to state such by simply omitting the words "or waiver" from the provision. But Axiom did not, and we will not rewrite this contract provision for them. (Code Civ. Proc., § 1858 ["In the

10

construction of a statute or instrument, the office of the Judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted"]; see *Rebolledo, supra*, 228 Cal.App.4th at p. 918 [refusing to rewrite exclusion clause in arbitration "agreement to expressly limit the exclusion to claims actually filed in a particular forum"].)

The meaning of this provision in Paragraph 3 is plain and unambiguous; a claim under a statute that expressly prohibits arbitration *or* expressly prohibits waiver of statutory rights is not covered by the Agreement. (See *Melamed v. City of Long Beach* (1993) 15 Cal.App.4th 70, 79 ["Ordinarily, the word 'and' connotes a conjunctive meaning, while the word 'or' implies a disjunctive or alternative meaning"].) Under this reading, Arcos's claims concerning sections 201, 202, 203, 210, 226, and 226.7 are exempt from the Agreement as they are nonwaivable statutory claims pursuant to section 219.

Axiom contends such an interpretation of Paragraph 3 renders the majority of Paragraph 2 meaningless "because virtually all of the federal and California employment laws listed" in Paragraph 2 "involve substantive rights that cannot be waived." We disagree. Paragraph 2 is not rendered meaningless or mere surplusage as Axiom contends by Paragraph 3. Not all claims included in Paragraph 2 are excluded in Paragraph 3. We note Arcos's claims under sections 510 and 512 and Business and Professions Code sections 17200 et seq. are included in the Agreement under Paragraph 2 and are not excluded by Paragraph 3.

We are mindful that "[a] contract is to be read as a whole, 'so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other.' [Citation.]" (*Rebolledo, supra*, 228 Cal.App.4th at p. 923.) Reading the contract as a whole does not change our interpretation of Paragraph 3. Paragraph 1, which sets out the general proposition that the parties agree to arbitrate their disputes, begins by stating: "Except as set forth in Paragraph 3 . . . ." The contract begins by explaining there are

11

exceptions to it. The exceptions set out in Paragraph 3 and their impact on the claims listed in Paragraph 2 are Axiom's own making as it is the drafter of the agreement. Any consequence of this interaction between the paragraphs unintended by Axiom "is not a reason to stray from the usual and ordinary meaning of the language stated in the agreement." (*Rebolledo, supra*, 228 Cal.App.4th at p. 920.)

Nor do we agree with Axiom's contention that Paragraph 2 controls over Paragraph 3 because it is the more specific clause. Paragraph 3 is specific in that it states which claims are not covered, and as discussed, it does not conflict with Paragraph 2.

Axiom asserts any doubt as to whether the Agreement covers Arcos's Labor Code claims must be resolved in favor of arbitration. But the ""strong public policy in favor of arbitration""" (*Rebolledo, supra*, 228 Cal.App.4th at p. 920) cannot rewrite the plain language of the Agreement. As we have explained before: "'The strong policy in favor of arbitration may not be used to permit a party to enforce provisions of an arbitration agreement that, as here, either do not exist or were so poorly drafted that another party cannot be presumed to have agreed to them. [Citation.]' [Citation.]" (*Ibid.*) Here, the parties agreed all nonwaivable statutory claims were not covered by the Agreement.

Applying the plain language of Paragraph 3, we conclude the parties did not agree to arbitrate Arcos's claims concerning sections 201, 202, 203, 210, 226, and 226.7. All of these code sections are contained within article 1 of the Labor Code and section 219, subdivision (a), prohibits waiver of the provisions in article 1. Axiom does not disagree or otherwise assert they are waivable statutory claims. Thus, the trial court properly denied Axiom's motion to compel Arcos's claims regarding these sections.[2]

---

[2] Axiom does not challenge the court's decision to stay arbitration of Arcos's claims under Code of Civil Procedure section 1282.2. Accordingly, we do not address that issue.

12

DISPOSITION

The order is affirmed.  Arcos shall recover his costs on appeal.


O'LEARY, P. J.

WE CONCUR:


FYBEL, J.


GOETHALS, J.