[No. G038351. Fourth Dist., Div. Three. Nov. 26, 2007.]

STACI ENGLE, Plaintiff and Appellant, v.
COPENBARGER & COPENBARGER, LLP, et al., Defendants and
Respondents.

**COUNSEL**

Magarian Law and Mark D. Magarian for Plaintiff and Appellant.

Copenbarger & Associates, Paul D. Copenbarger and Kathleen M. Hatley for Defendants and Respondents.

**OPINION**

**BEDSWORTH, J.**—Cautionary tales rarely have happy endings. From the 19th-century German classic, *The Dreadful Story of Pauline and the*

*Matches*, in which the fate of the child heroine can be deduced from the title, to the more familiar 30's cult film, Reefer Madness (Motion Picture Ventures 1936), the protagonist almost never does well in them. This case is no exception. We present here a cautionary tale, published, like all of its ilk, in the hope of providing a warning.

Staci Engle appeals from a postjudgment order that denied her motion for attorney fees and costs in this action against Copenbarger & Copenbarger, LLP, Larry Copenbarger, and James Kosareff (collectively, Copenbarger). The case settled when Engle accepted a statutory offer to compromise that said nothing about fees or costs. Engle argues she is entitled to statutory costs as the prevailing party, including fees authorized by statute. We agree and reverse.

\* \* \*

Engle worked as a legal assistant for Copenbarger. She resigned following various alleged acts of sexual harassment. The complaint set out eight causes of action. Three are statutory discrimination claims: sexual harassment, discrimination based on sex, and retaliation for objecting to sexual harassment. (Gov. Code, § 12940, subds. (a), (j), (k), (h).) Attorney fees were requested on the sex discrimination claim. (Gov. Code, § 12965, subd. (b).) The five remaining causes of action sound in tort: assault, battery, intentional and negligent infliction of emotional distress, and negligence.

On October 25, 2006, Copenbarger made a statutory offer to compromise (Code Civ. Proc., § 998; hereafter section 998), proposing that judgment be taken against it for $35,000. Here are the terms of the offer: "That the judgment . . . shall be in exchange for a release and discharge of any and all claims, of whatever nature (substantive and procedural) which the plaintiff may have against the defendants. [¶] This offer shall not be deemed an admission of liability on the part of the defendants, but is being provided solely in accordance with the provisions of Section 998, and is an offer to . . . compromise the above referenced case."

Engle accepted the offer in writing the same day. The following day, Copenbarger delivered the settlement check and asked Engle to sign a release. But the release was significantly different from the offer accepted by Engle. The release enumerated the relief sought in the complaint, including

Engle's request for statutory attorney fees. It then provided, in relevant part, that Engle released Copenbarger from "any and all relief sought by virtue of Plaintiff's Complaint as specified in the prayer or otherwise," which would have vitiated Engle's claim to costs and attorney fees.

Engle refused to sign the release. Copenbarger attempted to block entry of judgment but failed when the trial judge ruled it was not entitled to the release. Judgment was entered according to the terms of the offer.

Engle's fee motion requested costs as the prevailing party (Code Civ. Proc., § 1032, subd. (b).) As an item of costs, she asked for attorney fees authorized by statute (Code Civ. Proc., § 1033.5, subd. (a)(10)(B)). The statutory fee provision relied on was Government Code section 12965, subdivision (b), which provides in relevant part as follows: "In actions brought under this section, the court, in its discretion, may award to the prevailing party reasonable attorney's fees and costs . . . ."[1]

The trial judge denied the motion for two reasons. First, he found the statement in the offer about the claims released was broad enough to include any claim for fees. Second, he said it was impossible to say from the language of the offer whether Engle had prevailed on any of her discrimination claims.

I

Engle argues she is entitled to fees because they were not expressly excluded in the offer to compromise. She is right.

Where a section 998 offer is silent on costs and fees, the prevailing party is entitled to costs and, if authorized by statute or contract, fees. (*Folsom v. Butte County Assn. of Governments* (1982) 32 Cal.3d 668, 678 [186 Cal.Rptr. 589, 652 P.2d 437] [settlement agreement]; *On-Line Power, Inc. v. Mazur* (2007) 149 Cal.App.4th 1079, 1083 [57 Cal.Rptr.3d 698] [§ 998 offer to compromise "as full and complete resolution of all of the claims raised by the Cross-Complaint"]; *Ritzenthaler v. Fireside Thrift Co.* (2001) 93

---

[1] The discrimination claims were brought under Government Code section 12965, subdivision (b). It provides that an individual who has filed a complaint with the California Department of Fair Employment and Housing may pursue a civil action if the department declines to take action and issues a right-to-sue notice. The complaint in this action alleged that Engle had filed a discrimination complaint with the department and received a right-to-sue letter.

Cal.App.4th 986, 988 [113 Cal.Rptr.2d 579] [§ 998 offer in " 'final settlement of all damages and injunctive claims . . . arising out of or related to the allegations . . . in this action' "]; *Pazderka v. Caballeros Dimas Alang, Inc.* (1998) 62 Cal.App.4th 658, 664 [73 Cal.Rptr.2d 242] [§ 998 offer "to ' "compromise the issues" ' "]; *Lanyi v. Goldblum* (1986) 177 Cal.App.3d 181, 187 [223 Cal.Rptr. 32] ["attorney fees authorized by [Civil Code] section 1717 are available to a party who prevails by a section 998 compromise settlement that is silent as to costs and fees"].) The rationale is this: "Section 998 only settles those issues which would have been resolved at the trial. [Citation.] Costs and attorneys' fees are authorized solely by statute, and are [an] incident of the judgment unless expressly part of the judgment. [Citation.]" (*Pazderka v. Caballeros Dimas Alang, Inc., supra*, 62 Cal.App.4th at p. 671.)

■ This case falls squarely within the rule that a party who secures a recovery by accepting a section 998 offer is entitled to costs and fees unless they are excluded by the offer. Engle should have been awarded costs and fees.

Copenbarger argues the language of the offer is more encompassing than that found in any of the cases, since Engle agreed to the "release and discharge of any and all claims, of whatever nature (substantive and procedural) which the plaintiff may have against the defendants." It asserts the only reasonable reading of this provision is that Engle's claim for fees was released. We cannot agree.

The rule is that a section 998 offer to compromise excludes fees only if it says so expressly. It is a bright-line rule: The only question is does the offer address fees or not? We are unaware of any case that suggests a broadly worded release clause in a section 998 offer can serve to waive a prevailing party's fee claim, and none are cited by Copenbarger. If Copenbarger meant the offer to include Engle's attorney fees, it was a simple enough matter to spell out that condition. Certainly it was simple enough that the firm had figured it out by the next day, when it tendered a release that included fees.

We do not know why the release was written in terms broader than the offer. But we are convinced the bright-line rule exists precisely to avoid disputes such as this one about whether there was manipulation or misunderstanding. We think that is a good reason for a bright-line rule and see no

cause to depart from it here. If Copenbarger wanted a fee waiver, it should have put one in the offer. Since the offer was silent on fees, it did not bar a later fee motion.

## II

Copenbarger argues Engle did not prevail on the discrimination claims, so she was not entitled to fees. The argument has three prongs, set out below. None are persuasive.

Copenbarger first argues that most of the statutory discrimination claims were barred by a one-year statute of limitations, since only a single act was alleged to have occurred within the year preceding the filing of the complaint. But the time to raise a statute of limitations defense was prior to settlement, not after. Having elected to settle, Copenbarger cannot now complain that most of the claims against it were time-barred.

The next prong of the argument builds on the statute of limitations point. The firm argues the trial judge acted within his discretion in denying fees, since he found the $35,000 settlement was sufficient recompense for the single actionable incident of sexual harassment, and he found that adding a fee award would result in an unfair windfall. The problem here is that no such findings were made. The order denying the fee motion said only that fees were waived by the release language in the offer, and the judge could not tell whether Engle prevailed on the discrimination claims. Expression of those bases fairly clearly refutes Copenbarger's argument the judge had a different one.

Finally, Copenbarger argues there was no way to discern whether Engle won on the discrimination claims or the tort claims, so it was a proper exercise of discretion for the trial judge to deny fees for this reason. We disagree.

The misconduct alleged in the complaint was sexual in nature—inviting Engle to sit in the lap of one of the lawyers at the firm, fondling Engle's breasts, and persistent, lewd invitations to have sex. There were no other allegations—nothing that would have supported a tort recovery but not one on the discrimination claims. Since sexual misconduct was the only factual basis for the action, and the facts alleged were sufficient to make out the statutory discrimination claims set out in the complaint, Engle prevailed on those claims when she obtained a favorable settlement. There is no doubt that Engle received $35,000 on the discrimination claims, and there was no leeway—or discretion—to find otherwise.

■    Since Engle accepted a section 998 offer to compromise that was silent on costs and fees, and she prevailed on statutory causes of action for which fees may be recovered, it was an abuse of discretion to deny fees on the ground that it was uncertain whether Engle prevailed on the statutory claims. The order appealed from is reversed, and the matter is remanded with directions to reconsider the fee motion in light of this opinion.

Rylaarsdam, Acting P. J., and Aronson, J., concurred.

On December 24, 2007, the opinion was modified to read as printed above. Respondents' petition for review by the Supreme Court was denied March 12, 2008, S160554. Moreno, J., did not participate therein.