[No. B221234. Second Dist., Div. One. May 23, 2011.]

JESSICA MARTINEZ, Plaintiff and Appellant, v.
LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION
AUTHORITY, Defendant and Respondent.

**COUNSEL**

David Geffen Law Firm and David G. Geffen for Plaintiff and Appellant.

Law Offices of York & Wainfeld, James R. York; Greines, Martin, Stein & Richland, Martin Stein, Carolyn Oill and Gary J. Wax for Defendant and Respondent.

## OPINION

**ROTHSCHILD, J.**—Plaintiff accepted defendant's settlement offer under Code of Civil Procedure section 998.[1] The offer expressly provided that each party would "bear their own costs" but contained no provision regarding "attorney fees." The trial court denied plaintiff's motion for statutory attorney fees on the ground they were part of the "costs" plaintiff agreed to bear. We affirm the trial court's ruling.

## FACTS AND PROCEEDINGS BELOW

Plaintiff Jessica Martinez brought an action against defendant Los Angeles County Metropolitan Transportation Authority (MTA) after one of its drivers refused to allow her to ride a bus with her "companion dog," Romeo. Her complaint alleged causes of action for disability discrimination under federal and state law.

The MTA made a settlement offer under section 998. The offer stated in relevant part that the MTA "hereby offers to Compromise the above-captioned matter for the total sum of $2,501.00, each side to bear their own costs." Martinez responded that she accepted the MTA's offer "to compromise in the amount of $2,501.00, with each party bearing their own costs."

Several weeks after accepting the MTA's compromise offer, Martinez filed a motion for attorney fees under the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12182, 12205) and California statutes protecting the civil rights of the disabled. (Civ. Code, §§ 52, subd. (a), 52.1, 54, 54.1, 54.3, subd. (a).) She argued that her acceptance of the MTA's settlement offer did not preclude her from recovering her statutory attorney fees because the offer referred only to "costs" and did not mention "attorney fees." The MTA argued that under section 1033.5, subdivision (a)(10)(B), the term "costs" included statutory attorney fees.

The trial court denied Martinez's motion for attorney fees. The court reasoned that "statutory attorney's fees are an item of costs pursuant to CCP

---

[1] Statutory references are to the Code of Civil Procedure unless otherwise noted.

section 1033.5(a)(10)(B) . . . and are therefore included in the defendant's section 998 offer, which states 'each side to bear their own costs.' "

Martinez filed a timely appeal from the court's ruling.

## DISCUSSION

In *Engle v. Copenbarger & Copenbarger, LLP* (2007) 157 Cal.App.4th 165, 169 [68 Cal.Rptr.3d 461], the Court of Appeal announced the following "bright-line rule": "[A] party who secures a recovery by accepting a section 998 offer is entitled to costs and [attorney] fees unless they are excluded by the offer." The defendant's offer to Engle was silent as to costs *and* fees. Therefore, the court held, as the prevailing party Engle should have been awarded both. (*Id.* at pp. 168–169.)

In the case before us, the offer specifically excluded "costs" but did not mention attorney fees. This circumstance calls for another "bright-line rule." Unless the offer expressly states otherwise, an offer of a monetary compromise under section 998 that excludes "costs" also excludes attorney fees.

Our conclusion that the exclusion of costs also excludes attorney fees is based on the *rapport* between sections 998, 1032 and 1033.5. A party who accepts a monetary offer of compromise under section 998 is the "prevailing party" for purposes of a cost award under section 1032.[2] (*Engle v. Copenbarger & Copenbarger, LLP, supra*, 157 Cal.App.4th at p. 168.) Allowable costs under section 1032 are specified in section 1033.5. Section 1033.5, subdivision (a)(10) provides that attorney fees are allowable costs under section 1032 when authorized by contract, statute, or law. Because attorney fees are costs under section 1033.5 it follows that when a section 998 offer provides that each party will bear its own costs, the word "costs" refers to all the costs described in section 1033.5, including attorney fees.

---

[2] Under section 1032, subdivision (a)(4) a "prevailing party" includes "the party with a net monetary recovery . . . ."

## DISPOSITION

The order denying attorney fees is affirmed. Each side to bear its own costs.

Mallano, P. J., and Johnson, J., concurred.

A petition for a rehearing was denied June 14, 2011, and appellant's petition for review by the Supreme Court was denied August 24, 2011, S194470.