Filed 2/27/18; pub. order 3/27/18 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| TIMED OUT LLC,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>13359 CORP.,<br><br>    Defendant and Respondent. | B280301<br><br>(Los Angeles County<br>Super. Ct. No. BC583739) |

APPEAL from an order of the Superior Court of Los Angeles County, Elizabeth R. Feffer, Judge. Affirmed.

Conkle, Kremer & Engel, Eric S. Engel, Zachary Page for Plaintiff and Appellant.

Veatch Carlson, John E. Stobart, Serena L. Nervez for Defendant and Respondent.

————————————

The issue before us is whether the trial court erred in interpreting defendant 13359 Corp.'s offer pursuant to Code of Civil Procedure section 998 (998 offer) to pay a "total sum" of $12,500 "exclusive of reasonable costs and attorney[ ] fees, if any" as preserving plaintiff's right to seek attorney fees and costs in a subsequent motion. The subject of the 998 offer was plaintiff Timed Out LLC's statutory and common law misappropriation claims; plaintiff's statutory claim sought an award of attorney fees and costs to the prevailing party under Civil Code section 3344, subdivision (a).

Although the trial court found plaintiff had prevailed on its misappropriation claims, the trial court found plaintiff had not achieved a more favorable judgment under Code of Civil Procedure section 998, subdivision (c)(1). The trial court thus awarded plaintiff only its preoffer attorney fees and costs. Because we conclude that the trial court's interpretation of the 998 offer was correct, and the trial court did not err in imposing the penalties for plaintiff's not accepting defendant's 998 offer in Code of Civil Procedure section 998, subdivision (c)(1), we affirm.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

The material facts are undisputed. Plaintiff is the assignee of Eva Pepaj (Pejab), a professional model, whose likeness was used without her consent by defendant for advertising in its bar and restaurant, the Stir Lounge. On June 3, 2015, plaintiff sued defendant for misappropriation of Pejab's right of publicity under the common law and Civil Code section 3344 (section 3344). After a

---

[1] As set forth below, neither party is contesting on appeal the reasonableness of the fees and costs that the trial court awarded.

two-day bench trial in July 2016, the trial court found a "clear violation by Defendant" under the common law and section 3344 because "[i]t is not disputed that Defendant used Ms. Pepaj's likeness in Defendant's advertisement for the Stir Lounge St. Patrick's Day event of March 17, 2015."  On September 7, 2016, the trial court awarded plaintiff $4,483.30 "exclusive of any costs [or] attorneys' fees that may be set by noticed [m]otion."

What is disputed is the effect of defendant's 998 offer served April 11, 2016, which expired without acceptance and provided:

"Defendant, 13359 CORP DBA STIR, herein offers to compromise the above-entitled proceeding by paying Plaintiff, TIMED OUT, LLC, the total sum of Twelve Thousand Five Hundred and 00/00 Dollars, ($12,500) exclusive of reasonable costs and attorney[ ] fees, if any.

"This offer to compromise is made pursuant to California Code of Civil Procedure [section] 998, *Goodstein v. Bank of San Pedro* (1994) 27 Cal.App.4th 899 . . . and other authority.  [¶]  This offer must be accepted prior to commencement of trial or within thirty (30) days after it is made, whichever occurs first, otherwise it is withdrawn."

The trial court received extensive briefing on the parties' respective claim for attorney fees and costs and related motions to tax costs.

Plaintiff made three arguments.  First, section 3344, subdivision (a) provides for an award of attorney fees and costs to the "prevailing party," and Code of Civil Procedure section 1032, subdivision (b) provides for an award of "costs" as a matter of right to the "prevailing party" (defined in Code Civ. Proc., § 1032,

3

subd. (a)(4)[2]).  Code of Civil Procedure section 1033.5, subdivision (a)(10)(B) states that attorney fees provided by statute are an item of "costs."  Accordingly, as a matter of right, plaintiff was entitled to an award of reasonable attorney fees and costs.  Second, plaintiff was the prevailing party on a practical level because it had realized all its " 'litigation objectives' " (quoting from *Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal.App.4th 140, 150)—success on its statutory misappropriation claim and a net monetary award of $4,483.30.  Third, because the 998 offer was invalid, the penalties in Code of Civil Procedure section 998, subdivision (c)(1)[3] did not apply, and plaintiff's recovery of attorney

---

[2]  " 'Prevailing party' includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant.  If any party recovers other than monetary relief and in situations other than as specified, the "prevailing party" shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed, may apportion costs between the parties on the same or adverse sides pursuant to rules adopted under [s]ection 1034."  (Code Civ. Proc., § 1032, subd.(a)(4).)

[3]  Code of Civil Procedure section 998, subdivision (c)(1) provides:  "If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff shall not recover his or her postoffer costs and shall pay the defendant's costs from the time of the offer.  In addition, in any action or proceeding other than an eminent domain action, the court or arbitrator, in its discretion, may require the plaintiff to pay a reasonable sum to cover postoffer costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, preparation

4

fees and costs was not confined to those predating the 998 offer. Plaintiff claimed attorney fees and costs in the amount of at least $77,385 and $10,338.75, respectively.

The 998 offer was not valid because, among other reasons, the language "exclusive of reasonable costs and attorney[ ] fees, if any" was ambiguous as to whether the $12,500 figure included attorney fees and costs. At the very least, whether under Code of Civil Procedure section 1032 or the aforementioned practical approach, plaintiff was the prevailing party and therefore entitled to its preoffer attorney fees and costs of $29,820. Plaintiff's motion to strike defendant's memorandum of costs, or in the alternative to tax costs, contained similar arguments.

In support of both motions, plaintiff submitted the declaration of its trial counsel, Timothy Hall. Hall explained his rejection of the 998 offer on the grounds that (1) it placed a condition on the offer by its reference to "if any" because that term required Mr. Hall to concede the possibility of no award of fees or costs; (2) the latter condition made it impossible to evaluate the monetary value of the 998 offer; (3) one could not tell "from the face of the offer whether the offer was for no award of attorneys' fees and costs"; and (4) plaintiff could not tell "from the face of the offer how the case would be resolved—by dismissal, judgment, or otherwise."[4]

Defendant submitted a postoffer cost bill of $66,851.49 that included $44,047.50 in postoffer attorney fees. Defendant filed a motion to tax plaintiff's postoffer costs and opposed plaintiff's

_____

for trial or arbitration, or during trial or arbitration, of the case by the defendant."

[4] Plaintiff does not argue this on appeal; we therefore do not address it.

motion for attorney fees.  The only evidence defendant submitted in support of its opposition was a copy of defendant's 998 offer.

In opposing plaintiff's motion for attorney fees and costs, defendant argued that under Code of Civil Procedure section 1033, subdivision (b)(1)[5], the trial court had discretion to disallow costs to plaintiff because the judgment (not including attorney fees and costs) did not exceed the jurisdictional amount in small claims court.  Defendant urged the trial court to exercise its discretion to deny attorney fees and costs because plaintiff is a "trolling enterprise" that preys on models.

Defendant also contended it was the prevailing party under section 3344 because it had achieved its litigation objective—a judgment less than its 998 offer.  Far from being invalid, defendant's 998 offer was unambiguous in allowing plaintiff to seek attorney fees and costs in addition to the $12,500 amount in the 998 offer.  Because plaintiff did not accept the offer, defendant was entitled to an award of its postoffer attorney fees and costs.  At most, plaintiff was entitled to its preoffer attorney fees and costs.  Defendant made similar arguments in its motion to tax plaintiff's costs.

In its December 5, 2016 minute order, the trial court found defendant's reliance on Code of Civil Procedure section 1033

---

[5] "When a prevailing plaintiff in a limited civil case recovers less than the amount prescribed by law as the maximum limitation upon the jurisdiction of the small claims court, the following shall apply:  (1) When the party could have brought the action in the small claims division but did not do so, the court may, in its discretion, allow or deny costs to the prevailing party, or may allow costs in part in any amount as it deems proper."  (Code Civ. Proc., § 1033, subd. (b)(1).)

6

"unavailing" because that section does not apply when a statute—here section 3344—provides for mandatory attorney fees and costs. The trial court rejected plaintiff's argument that having obtained the net recovery, it was the prevailing party under Code of Civil Procedure section 1032, subdivision (b). The trial court reasoned that section 1032, subdivision (b) did not apply where, as here, "another specific statute"—section 3344—"provides costs to a prevailing party."

The trial court stated that because section 3344 does not define prevailing party, "the trial court determines which party succeeded on a practical level" as measured by the extent to which each party achieved its litigation objectives. The trial court rejected defendant's argument that because the judgment was less than defendant's 998 offer, defendant had achieved its litigation objectives; the trial court found the argument without legal support. The trial court referred to its finding that there was a clear violation of section 3344, and therefore "[p]laintiff fully achieved its litigation objective, to demonstrate liability and recover damages from Defendant, which is a simple unqualified win."[6]

The trial court concluded that having found plaintiff the prevailing party under section 3344, it was undisputed that plaintiff was entitled to attorney fees and costs incurred prior to the 998 offer. The trial court then turned to whether the 998 offer was valid and found that it was not ambiguous: "The offer did not deny

---

[6] The trial court also found "unavailing" plaintiff's argument that the 998 offer was ambiguous because plaintiff could not tell how the case would be resolved if plaintiff accepted the 998 offer: Code of Civil Procedure section 998, subdivision (b)(1) "expressly provides for resolution of a . . . 998 offer by entry of judgment."

Plaintiff's right to recover attorneys' fees and costs, nor could it have reasonably been interpreted to do so. The offer provides that Defendant would pay $12,500, which was 'exclusive of,' meaning not including, reasonable costs and attorneys' fees. It is clear that where a 998 offer does not expressly preclude the recovery of fees and costs, a prevailing party may seek them." The trial court cited *On-Line Power, Inc. v. Mazur* (2007) 149 Cal.App.4th 1079 and *Elite Show Services, Inc. v. Staffpro, Inc.* (2004) 119 Cal.App.4th 263 for this proposition. Based on the latter authorities and the "common usage" of the term "exclusive of," the trial court found that defendant's offer "expressly contemplated further payment of attorneys' fees and costs."

Turning to the scope of recovery of attorneys' fees and costs, the trial court found the 998 offer valid, but held plaintiff "did not achieve a result greater than the offer." Although the trial court did not state its reasoning for this conclusion, presumably, the finding was based on the difference between the $4,483.30 award and the $12,500 settlement amount in the 998 offer after adding plaintiff's preoffer attorney fees and costs to both numbers. Accordingly, under Code of Civil Procedure section 998, subdivision (c)(1), plaintiff was entitled only to its preoffer costs and attorney fees, and defendant was entitled to its postoffer costs and attorney fees.

The trial court analyzed the parties' respective attorney fee and cost bills and awarded plaintiff $29,820 in preoffer attorney fees[7] and defendant $31,395 in postoffer attorneys' fees, which was less than the amount defendant requested. These findings resulted in a net award of attorney fees to defendant of $1,575. Both sides

---

[7] The trial court observed that defendant did not object "specifically" to plaintiff's preoffer fees.

8

objected to each other's cost bills. The trial court ultimately awarded preoffer costs to plaintiff of $480 and $15,757.63 in postoffer costs to defendant. The record contains a judgment reflecting these amounts and is dated December 5, 2016.[8]

Plaintiff filed a timely appeal pursuant to Code of Civil Procedure section 904.1(a)(2).

## DISCUSSION

We note at the onset that the parties do not contest the trial court's award of money damages to plaintiff or the reasonableness of the attorney fees and costs that are the subject of this appeal. The issue before us is whether the trial court erred in its interpretation of defendant's 998 offer.

### I.    The Parties' Contentions on Appeal

Plaintiff argues the trial court made two errors: First, it interpreted the 998 offer incorrectly to allow a subsequent award of attorney fees and costs, and second, because the 998 offer precluded any future award of fees and costs, the trial court erred in not including plaintiff's preoffer attorney fees and costs in determining whether plaintiff's recovery was more favorable than defendant's 998 offer.[9]

---

[8] We observe that next to the judicial officer's signature on the judgment appears the date, September 7, 2016. Handwritten amendments consistent with the trial court's December 5, 2016 rulings, and apparently initialed by the trial court's clerk, are dated December 5, 2016.

[9] Plaintiff's second argument is somewhat confusing. If defendant's 998 offer were invalid, then we would not need to determine which party had the more favorable recovery for

9

Plaintiff contends the 998 offer was ambiguous because contrary to the trial court's ruling, there is no common usage of the term "exclusive of." Plaintiff cites to dictionary definitions of the word "exclude" that are set forth in exhibit B to its request for judicial notice on appeal, for example, "[t]o bar or keep out; "[t]o leave no room for"; and "[t]o . . . reject from consideration." Dictionary definitions like these were "the context" for plaintiff's reading of the term "exclusive of" in rejecting defendant's 998 offer.

Defendant's juxtaposition of "total sum" and the proposed settlement amount and placement of the modifier of "if any" following the phrase "reasonable costs and attorney fees" made the 998 offer all the more ambiguous because the former imparts the concept of "no more" and the latter imparts the potential of no award of attorney fees and costs and a concession of that possibility. Thus, the 998 offer "would have the effect of both allowing and preventing Appellant from recovering its fees and costs."

Plaintiff further argues the reference to *Goodstein v. Bank of San Pedro* (1994) 27 Cal.App.4th 899 (*Goodstein*) in the 998 offer made the offer ambiguous because the 998 offer in that case recited that each party was to bear its own attorney fees and costs. Finally, plaintiff argues defendant could have written an unambiguous 998 offer merely by employing the following language from the

_____

purposes of penalties imposed on the nonaccepting plaintiff by Code of Civil Procedure section 998, subdivision (c)(1). Because we conclude that defendant's 998 offer was valid, we do not address plaintiff's second argument. We note that if a 998 offer is valid, then the parties do not appear to dispute that preoffer attorney fees and costs must be added to the money judgment to determine whether plaintiff achieved the more favorable recovery. (*Heritage Engineering Construction, Inc. v. City of Industry* (1998) 65 Cal.App.4th 1435, 1442.)

California Judicial Council's Form CIV-090, which was attached as exhibit C to plaintiff's request for judicial notice on appeal:  "Plus costs under Code of Civil Procedure section 1032 and attorney's fees allowed by law as determined by the court."  The trial court's errors were not harmless because they resulted in an award of postoffer fees and costs to defendant.

Defendant counters "there is only one reasonable interpretation" of the term "exclusive of"—that the 998 offer left plaintiff "free to seek costs and fees, if any, post-acceptance."  Plaintiff's argument that the term "exclusive of" can be interpreted as including attorney fees and costs in the $12,500 figure in defendant's 998 offer is a "sleight of hand trick" given that plaintiff would interpret "exclusive of" to mean its antonym—"inclusive of."  Under principles of contract interpretation applicable to 998 offers, words are given their usual and ordinary meaning.  Indeed, plaintiff itself understood that the term "exclusive" imparts a later determination of fees and costs when plaintiff filed motions for fees and costs in response to the trial court's award of a "total judgment of $4,483.30 . . . exclusive of any costs [or] attorneys' fees that may be set by noticed [m]otion."  Defendant argues the trial court's language is "nearly identical" to that in defendant's 998 offer.[10]  Defendant describes its citation to *Goodstein*, *supra*, 27 Cal.App.4th 899 as surplusage.

---

[10]  We do not address this argument because it is built on a false premise, to wit, that the trial court's language is identical to that in defendant's 998 offer.  It is not; the trial court expressly stated that attorney fees and costs were to be determined by a noticed motion.

11

With respect to the argument that modifying attorney fees and costs with the term "if any" rendered the 998 ambiguous, defendant cites *Engle v. Copenbarger & Copenbarger, LLP* (2007) 157 Cal.App.4th 165, 170 for the proposition that a "waiver of costs and attorney's fees after accepting a section 998 offer must be express." For the same reason, "if any" cannot reasonably be interpreted to be a waiver of the right to seek attorney fees and costs. Finally, reading the term "total sum" in context, that term, which modified the settlement amount, cannot reasonably be interpreted to include attorney fees and costs in that "total sum."

## II.  Standard of Review

Generally, an appellate court reviews a trial court's decision regarding the validity of a 998 offer for abuse of discretion. This standard of review does not apply here where the facts are undisputed. Instead, where the issue is interpretation of a 998 offer as to undisputed facts, our review is de novo. (*Barella v. Exchange Bank* (2000) 84 Cal.App.4th 793, 797.) As set forth above, the parties did not submit competing evidence regarding defendant's 998 offer and its expiration. While it is true plaintiff's trial counsel submitted a declaration in the trial court, that declaration recites mere argument as to why defendant's 998 offer is legally ambiguous. We thus review the trial court's decision de novo.

"In interpreting section 998 . . . the offering party [has] the burden of demonstrating that the offer is a valid one under section 998. [Citation.] The corollary to this rule is that a section 998 offer must be strictly construed in favor of the party sought to be subjected to its operation." (*Barella v. Exchange Bank*, *supra*, 84 Cal.App.4th at p. 799; *Elite Show Services, Inc. v. Staffpro, Inc.*, *supra,* 119 Cal.App.4th at p. 268.)

**III. The Plain Meaning of the Language in the 998 Offer as Confirmed by Case Law Preserved Plaintiff's Ability to Seek Attorney Fees and Costs in a Subsequent Motion; Accordingly, the Trial Court Correctly Imposed the Penalties Set Forth in Code of Civil Procedure Section 998, Subdivision (c)(1).**

The parties do not dispute that contract principles of interpretation apply to interpreting 998 offers. (*Elite Show Services, Inc. v. Staffpro, Inc.*, *supra*, 119 Cal.App.4th 263.) "In interpreting a section 998 offer, general contract principles apply when they neither conflict with nor defeat the statute's purpose of encouraging the settlement of lawsuits prior to trial." (*Id.* at p. 268.) "Finally, our Supreme Court has held that the legislative purpose of section 998 is generally better served by 'bright line rules' that can be applied to these statutory settlement offers—at least with respect to the application of contractual principles in determining the validity and enforceability of a settlement agreement." (*Barella v. Exchange Bank*, *supra*, 84 Cal.App.4th at p. 799.)

A fundamental principle of contract interpretation is that words should be given their "usual and ordinary meaning." (*Lloyd's Underwriters v. Craig & Rush, Inc.* (1994) 26 Cal.App.4th 1194, 1197.) We agree with the trial court's ruling; the usual and ordinary meaning of the term "exclusive of" in defendant's 998 offer is that the settlement amount did not include attorney fees and costs. Common sense informs us that "exclusive" is the opposite of "inclusive." Under plaintiff's interpretation, "exclusive" and "inclusive" would mean the same. Prefacing the $12,500 figure in defendant's 998 offer with the term "total sum" does not alter our conclusion.

13

The same is true for adding the term "if any" to the phrase "exclusive of reasonable costs and attorney[ ] fees, if any." That term could not have been fairly understood to require a concession that plaintiff may not be entitled to any attorney fees if it accepted the 998 offer. An award of attorney fees and costs to the prevailing party is mandatory under section 3344, subdivision (a). It is undisputed that by the time of defendant's 998 offer, plaintiff had incurred significant attorney fees and costs, which would have been factored into the calculus of whether plaintiff had achieved the more favorable recovery. (See footnote 9, *supra.)*

We observe plaintiff's interpretation of "exclusive of" is also inconsistent with the meaning Code of Civil Procedure section 998 itself ascribes to the word "exclude." Code of Civil Procedure section 998, subdivision (c)(2)(A) provides, "[i]n determining whether the plaintiff obtains a more favorable judgment, the court or arbitrator shall exclude the postoffer costs." Thus, the statute uses the word "exclude" to impart that postoffer costs are not considered—are outside of—the calculation of whether plaintiff achieved the more favorable recovery. Defendant's use of the term "exclusive of" imparts that attorney fees and costs are outside of the $12,500 amount in defendant's 998 offer as well.

Plaintiff seeks to introduce ambiguity by focusing on the citation to *Goodstein*, *supra*, 27 Cal.App.4th 899 in the 998 offer because the 998 offer in that case required each side to bear its own attorney fees and costs. There, the defendant bank obtained a nonsuit against plaintiff on plaintiff's slander of title and negligence claims. The trial court awarded defendant its expert fees. Plaintiff had rejected defendant's 998 offer of $150,000 in exchange for a dismissal with prejudice and the execution of a general release with each side to bear its own attorney fees and costs. Plaintiff raised

14

several objections to the 998 offer, including that it provided for dismissal instead of entry of judgment, the offer was uncertain because it failed to specify whether it compromised all three actions consolidated for trial in that case, and it contained a release requiring plaintiff to forego all future litigation contemplated against the bank.

In an opinion authored by Presiding Justice Lillie, the appellate court rejected all three attacks and affirmed. (*Goodstein*, *supra*, 27 Cal.App.4th at pp. 904-909.) Given the breadth of issues in *Goodstein*—none of which having anything to do with the issue before us—plaintiff could not have reasonably relied on citation to that case in the 998 offer when plaintiff rejected defendant's 998 offer merely because the 998 offer in *Goodstein* happened to provide for each side to bear its own attorney fees and costs.

Plaintiff cites no authority for its argument that if defendant meant to preserve plaintiff's ability to seek attorney fees and costs in a later motion, plaintiff should have used the language in Judicial Council Form CIV-090. The authority is to the contrary. As Division 8 of our District wrote in *Whatley-Miller v. Cooper* (2013) 212 Cal.App.4th 1103 (*Whatley-Miller*), "[a]lthough the use of this form may be a convenience for litigants, we conclude that a plain reading of the language of section 998 makes it clear this form is not the one and only way to comply with the offer and acceptance requirements of that statute." (*Id*. at p. 1110.)

The case law also does not support plaintiff's interpretation of the 998 offer or plaintiff's claim of ambiguity. It is black letter law that when a 998 offer is silent as to recovery of attorney fees and costs, those fees and costs may be recovered in a later motion. The theory of these cases is that for attorney fees and costs to be waived, the waiver must be express and not by implication.

15

In *Engle v. Copenbarger & Copenbarger, LLP, supra*, 157 Cal.App.4th 165, an employment discrimination case, plaintiff accepted a 998 offer that was silent as to the recovery of fees and costs. The appellate court reversed the trial court's denial of fees and costs to plaintiff. The appellate court rejected defendant's argument that the releasing language in the 998 offer was broad enough to encompass plaintiff's attorney fees and costs: "We think that there is a good reason for a bright-line rule and see no cause to depart from it here. If Copenbarger wanted a fee waiver, it should have put one in the offer. Since the offer was silent on fees, it did not bar a later fee motion." (*Id.* at p. 169-170.)

*Whatley-Miller, supra*, 212 Cal.App.4th 1103 is also instructive in not ascribing a cramped meaning to terms in a 998 offer. In that medical malpractice and wrongful death case, plaintiffs made a 998 offer that attached a separate document for accepting the 998 offer; both documents were served in the same envelope. The issue before the appellate court case was whether the 998 offer for $950,000[11] was ambiguous and therefore invalid because the offer itself provided that each side bear its own costs while the document on which defendant was to indicate his acceptance of that offer provided for entry of judgment in the

---

[11] Plaintiffs' 998 offer provided in pertinent part that in exchange for $950,000, " '[e]ach side [was] to bear its own costs.' They advised that if this offer were 'not accepted prior to trial or within 30 days after it is made, whichever occurs first, it shall be deemed withdrawn' and that pursuant to Civil Code section 3291, a judgment in favor of plaintiffs more favorable than this offer 'shall bear interest at the legal rate of 10% per annum calculated from the date of plaintiffs' offer.' " (*Whatley-Miller, supra*, 212 Cal.App.4th at p. 1107.)

amount of $950,000 and the submission of a cost bill within 10 days of entry of judgment.[12]  (*Id*. at p. 1107.)  The trial court found the 998 offer was not ambiguous and awarded expert fees as costs and prejudgment interest against defendant.

The appellate court affirmed.  It reasoned that the 998 offer itself clearly stated that each side was to bear its own costs and if accepted, directed the clerk of the court to enter judgment in the amount of $950,000.  "This clarity of meaning is not transformed into an ambiguity by the recital in the acceptance document:  'Costs to be submitted pursuant to cost bill filed by plaintiff[s] within ten (10) days after entry of said Judgment.'  This latter recital has no force or effect and is simply surplusage."  (*Whatley-Miller, supra*, 212 Cal.App.4th at p. 1111.)

Plaintiff pins its hope of reversal on *MacQuiddy v. Mercedes-Benz USA, LLC* (2015) 233 Cal.App.4th 1036.  *MacQuiddy* is factually inapposite.  An issue in that case was whether defendant's 998 offer was invalid as ambiguous when the offer required repurchasing a car " 'in an undamaged condition, save normal wear and tear.' "  (*Id*. at p. 1041.)  Division 8 of our District held that it was ambiguous because the term "undamaged condition" was not defined in the 998 offer and because a trial court could not readily determine who obtained the more favorable recovery:  "[W]e fail to

---

[12]  The acceptance document provided:  " 'The Clerk of the Court is hereby authorized and directed to enter Judgment against [Dr. Cooper] on the Complaint of Plaintiffs . . . in the amount of NINE HUNDRED FIFTY THOUSAND DOLLARS ($950,000.00) pursuant to Plaintiffs' Offer to Compromise which is attached hereto.  Costs to be submitted pursuant to cost bill filed by plaintiff[s] within ten (10) days after entry of said Judgment.' "  (*Whatley-Miller*, *supra*, 212 Cal.App.4th at p. 1107.)

see how, following trial, the court could compare the value of obtaining the repurchase of the car without regard to its condition to the offer requiring that the car be 'undamaged,' in order to determine whether MacQuiddy received a more favorable judgment than the offer. Such an evaluation would require a factual determination of whether the car was damaged, which was not an issue otherwise relevant to the proceedings." (*Id*. at p. 1050.) There is no such nonmonetary condition in the 998 offer before us. We thus fail to see how *MacQuiddy* is informative.

In sum, defendant's 998 was not ambiguous and the trial court did not err in applying the penalties for not accepting that offer in Code of Civil Procedure section 998, subdivision (c)(1).

## DISPOSITION

The order of the trial court is affirmed.  Costs are awarded to respondent.


BENDIX, J.*


We concur:


ROTHSCHILD, P. J.


JOHNSON, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

19

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE


| | |
|---|---|
| TIMED OUT LLC, | B280301 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC583739) |
| v. | |
| 13359 CORP., | CERTIFICATION AND ORDER FOR PUBLICATION |
| Defendant and Respondent. | |


The opinion in the above-entitled matter filed February 27, 2018, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.



ROTHSCHILD, P. J.        JOHNSON, J.        BENDIX, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.