**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CLAUDIA ALVARADO,
individually, and on behalf of others
similarly situated,

　　*Plaintiff - Appellee*,

　v.

WAL-MART ASSOCIATES, INC., a
Delaware corporation; SAM'S WEST
INC., an Arkansas corporation,

　　*Defendants - Appellants*.

No. 23-3927

D.C. No.
2:20-cv-01926-
AB-kk

OPINION

Appeal from the United States District Court
for the Central District of California
André Birotte, Jr., District Judge, Presiding

Argued and Submitted February 4, 2025
Pasadena, California

Filed September 30, 2025

Before: Eric D. Miller, Kenneth K. Lee, and Roopali H.
Desai, Circuit Judges.

Opinion by Judge Desai

# SUMMARY[*]

## Attorneys' Fees

The panel vacated the district court's order granting Claudia Alvarado $312,429 in attorneys' fees and costs on her individual, putative class, and Private Attorneys General Act ("PAGA") claims against Walmart for violations of California's Labor Code, and remanded.

After an unsuccessful motion for class certification, Alvarado settled her individual claims under California Code of Civil Procedure section 998 for $22,000, and dismissed, without prejudice, her PAGA claims. The district court awarded Alvarado $297,799 in fees and $14,630 in costs. Walmart argued on appeal that the parties' section 998 agreement, by its terms, allowed Alvarado to seek fees only for work performed exclusively on her individual claims.

The panel held that the parties' section 998 agreement allowed Alvarado to seek fees under *Hensley v. Eckhart*, 461 U.S. 424 (1983), which allows a plaintiff who experiences limited success to recover fees for work performed on related items. However, the district court abused its discretion when it failed to provide a "concise but clear" explanation for its fee award. Accordingly, the panel vacated the fee award and remanded to the district court for further proceedings.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Scott Tillett (argued), Pine Tillett Pine LLP, Sherman Oaks, California; Mikael H. Stahle, Matthew J. Matern, and Debra J. Tauger, Matern Law Group PC, El Segundo, California; for Plaintiff-Appellee.

Jack S. Sholkoff (argued), Carmen Aguado, Catherine L. Brackett, and Paloma P. Peracchio, Ogletree Deakins Nash Smoak & Stewart PC, Los Angeles, California; Mitchell A. Wrosch, Ogletree Deakins Nash Smoak & Stewart PC, Costa Mesa, California; Alejandro D. Szwarcsztejn, McGuireWoods LLP, Los Angeles, California; for Defendants-Appellants.

**OPINION**

DESAI, Circuit Judge:

Wal-Mart Associates, Inc. and Sam's Club (collectively, "Walmart") appeal the district court's order granting Claudia Alvarado $312,429 in attorneys' fees and costs. Alvarado brought individual, putative class, and Private Attorneys General Act ("PAGA") claims against Walmart for violations of California's Labor Code. After an unsuccessful motion for class certification, Alvarado settled her individual claims under California Code of Civil Procedure section 998 for $22,000, and dismissed, without prejudice, her PAGA claims. On appeal, Walmart argues that Alvarado's fee award violates the parties' section 998 agreement because it includes fees under *Hensley v. Eckerhart*, 461 U.S. 424 (1983), which allows a plaintiff who experiences limited

success to recover fees for work performed on related claims.

We have jurisdiction under 28 U.S.C. § 1291. We hold that the parties' section 998 agreement allowed Alvarado to seek *Hensley* fees. But the district court failed to provide an adequate explanation for its award, so we vacate the award and remand to the district court for further proceedings consistent with this opinion.

## BACKGROUND

Claudia Alvarado began working for Sam's Club, a chain grocery store operated by Walmart, in 2008. In 2019, Alvarado worked at the Sam's Club in Glendora, California, for six weeks. During that time, Alvarado alleges that she was denied meal and rest breaks, was not paid for overtime hours, did not receive itemized wage statements, and was required to use her personal cell phone for work purposes without reimbursement.

Alvarado retained Matern Law Group, PC ("MLG"), and filed a complaint against Walmart in Los Angeles Superior Court for violations of California's Labor Code. Alvarado brought the action in her individual capacity, as a member of a putative class, and in a representative capacity under PAGA. Walmart removed the action to the Central District of California.

Walmart moved to dismiss Alvarado's Complaint, asserting that she failed to allege sufficient facts to support a class action lawsuit. Alvarado amended her Complaint four times. The district court dismissed Alvarado's class-wide claims for meal break, rest break, and overtime violations, as well as her unfair business practices claim. She was left with her class-wide claim for business expense reimbursement,

her individual claims, and her claim for civil penalties under PAGA.

After discovery, Alvarado moved to certify a class for the business expense reimbursement claim. The district court denied certification because Alvarado failed to meet the commonality and predominance requirements pursuant to Federal Rule of Civil Procedure 23.

Alvarado proceeded to litigate her individual and PAGA claims, and Walmart defended the claims. The parties eventually held settlement discussions but were unable to reach an agreement. Roughly one month before trial, Walmart served an offer of settlement to Alvarado under California Code of Civil Procedure section 998, "in full and complete settlement of the claims asserted by [Alvarado] in her individual capacity." The terms of the offer were as follows:

1. Defendants offer to pay to Plaintiff the amount of $22,000, exclusive of all attorneys' fees and costs incurred up to the date of this offer.

2. Plaintiff's counsel may seek an award of reasonable fees and costs actually incurred as of the date of this Offer in pursuit of Plaintiff's individual claims in this action *and recoverable by law.* The amount of fees to be awarded to Plaintiff's counsel, if unable to be agreed upon by the parties, will be determined by the Court consistent with the terms of this Offer . . . . Defendants' counsel reserves the right to challenge or otherwise oppose

any motion or application for fees brought by Plaintiff's counsel, including without limitation, the right to oppose any request for fees and costs not incurred in the prosecution of Plaintiff's remaining individual claims.

3. In exchange for the offer in Paragraph 1 above, Plaintiff releases all of her individual claims in this action and will file a dismissal of those claims with prejudice . . . Plaintiff releases her representative claim for civil penalties under the Private Attorneys General Act, and will file a dismissal of that claim without prejudice.

Alvarado accepted Walmart's offer, and the district court entered judgment in accordance with its terms, retaining jurisdiction to decide any motion for attorneys' fees and costs. Because the parties could not agree on the fee amount, Alvarado filed a motion for attorneys' fees and costs in the amount of $591,044.25 in fees and $44,879.34 in costs. In her motion, Alvarado argued that she was entitled to recover fees and costs arising from her class and PAGA claims because they were "inextricably intertwined" with her individual claims, making an apportionment of fees unnecessary under *Hensley v. Eckerhart*.

Walmart objected to Alvarado's fee request. Citing *Hensley*, it argued that because of Alvarado's limited success, she was not entitled to any fees or, in the alternative, should be awarded at most $22,000. Notably, Walmart did not argue that section 998, or the parties' agreement thereunder, completely barred the recovery or

apportionment of fees under *Hensley*. Rather, Walmart assumed a *Hensley* analysis was proper but argued for apportionment of fees. Specifically, Walmart asserted that, under *Hensley*, Alvarado's individual claims were unrelated to her class and PAGA claims, and that the district court was thus required to apportion Alvarado's fee request to exclude any fees associated with her class and PAGA claims.

In her reply, Alvarado maintained that her class claims were so intertwined with her individual claims that apportionment was unnecessary. But "in the spirit of compromise" she reduced her fee request by attorney time spent on class certification proceedings and all legal assistants' time.[1] This resulted in a revised request of $297,799—a near 50 percent reduction.

The district court granted Alvarado's motion. After noting that "an analysis of whether [Alvarado] is the prevailing party . . . is unnecessary" because "the parties do not dispute that an attorney award is due," the court turned to apportionment:

> [W]hile the initial motion and its opposition called on the Court to determine whether attorney fees for any labor related to the class action were warranted, Plaintiff has since filed a reply with an offer to deduct attorney time spent on the class certification proceedings, including work on any potential appeal, and to forego the entirety of the legal assistants' time. Thus, an analysis regarding apportionment is moot. Now the question

---

[1] Alvarado did not deduct fees for work associated with her PAGA claims.

> before the Court is whether the new lodestar
> figure, $297,799, is reasonable. This Court
> concludes that it is.

The court then determined that the hourly rates requested for Alvarado's "attorneys and legal assistants are within the prevailing rate for attorneys and legal assistants of similar background, skill and experience conducting noncontingent litigation of the same type."

Turing to Alvarado's requested costs, the district court noted that although Alvarado "significantly reduced her initial lodestar request in her Reply, her request for costs remained unchanged." The court then summarized the parties' dispute over costs, and concluded that "[w]hatever the entitlement, this Court believes it unreasonable to award Plaintiff full costs for items she's explicitly labeled [as] PAGA-related only, where we have already endorsed her deduction of attorney time for PAGA-related claims." Accordingly, the district court deducted $3,137.59 for PAGA administration service fees and $27,111.75 for expert witness fees "necessary to prove [Alvarado's] PAGA claims." Ultimately, the district court awarded Alvarado $297,799 in fees and $14,630 in costs.

On appeal, Walmart now argues that the parties' section 998 agreement, by its terms, allows Alvarado to seek fees only for work performed *exclusively* on her individual claims.[2]

---

[2] Walmart forfeited this argument by not raising it before the district court. But forfeiture can be waived, *see Norwood v. Vance*, 591 F.3d 1062, 1068 (9th Cir. 2010), and, at oral argument, Alvarado urged us to consider Walmart's argument in full. Although we normally do not

## STANDARD OF REVIEW

We review the award of attorneys' fees pursuant to state law for an abuse of discretion. *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). "Contract interpretation is a question of law that we review *de novo*." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009); *Golden v. Cal. Emergency Physicians Med. Grp.*, 896 F.3d 1018, 1021 (9th Cir. 2018). California substantive law governs the interpretation of the section 998 agreement and the availability and amount of attorneys' fees. *See Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995).

## DISCUSSION

Section 998 of the California Code of Civil Procedure encourages parties to settle their disputes before trial by shifting the costs of litigation to a party that declines a pretrial offer of settlement but does not ultimately obtain a more favorable result at trial. When parties settle under section 998, they may limit or expand recoverable costs and fees by the express terms of their agreement. *See* Cal Code Civ. P. § 998(b); *Doran v. N. State Grocery, Inc.*, 39 Cal. Rptr. 3d 922, 927 (Ct. App. 2006). But when "a section 998 offer is silent on costs and fees, the prevailing party is entitled to costs and, if authorized by statute or contract, fees." *Engle v. Copenbarger & Copenbarger, LLP*, 68 Cal. Rptr. 3d 461, 463 (Ct. App. 2007). Section 998 itself does not "expressly authorize an award of attorney fees." *Riverside Mining Ltd. v. Quality Aggregates*, 324 Cal. Rptr. 3d 567, 573 (Ct. App.

---

consider arguments raised for the first time on appeal, because Walmart's argument involves a pure question of law, and the parties have fully briefed the issue, our review is appropriate. *In re Am. W. Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000).

2024). Instead, "[a]ttorney fees are recoverable as costs only if there is some other statutory or contractual right to such fees." *Id.*; *see also LNSU #1, LLC v. Alta Del Mar Coastal Collection Cmty. Ass'n*, 312 Cal. Rptr. 3d 707, 733 n.4 (Ct. App. 2023) ("Because the relevant statute . . . gave [respondent] no right to recover attorney fees from appellants, Code of Civil Procedure section 998 did not authorize the fee shifting ordered by the court."); *Ford Motor Credit Co. v. Hunsberger*, 78 Cal. Rptr. 3d 661, 665 (Ct. App. 2008) ("[S]ection 998 does *not* independently create a statutory right to attorney fees").

Just as "section 998 does not grant *greater* rights to attorney's fees than those provided by the underlying statute," *Mangano v. Verity, Inc.*, 84 Cal. Rptr. 3d 526, 531 (Ct. App. 2008) (emphasis added), it also does not grant *lesser* rights to fees available under California law. At bottom, section 998 is a cost-shifting statute: it determines who bears the burden of costs and, when authorized by statute or contract, who is entitled to attorneys' fees. It does not, however, determine the availability or extent of fees. *See id.* (noting that section 998 "merely expands the group of those who are treated as prevailing parties and who therefore may be entitled to attorney's fees as prevailing parties under the relevant statute," and holding that the district court must conduct the analysis for determining fees as required by the underlying statute). Thus, absent explicit language in the parties' section 998 agreement to the contrary, Alvarado is entitled to seek precisely those fees authorized by California law—no more, no less.[3]

---

[3] The parties do not dispute that Alvarado is the "prevailing party" for purposes of section 998, but they disagree about the extent of her success.

## I.   The parties' section 998 agreement does not preclude *Hensley* fees.

The parties agree that Alvarado's entitlement to fees is controlled by the section 998 agreement.  They also agree that Alvarado experienced "limited success" because she partially succeeded on her individual claims but did not prevail on her class and PAGA claims.[4] But the parties dispute whether their section 998 agreement prevents the plaintiff from recovering fees for work performed on unsuccessful claims that are closely related to her successful claims. It does not.

When an employee successfully enforces California's Labor Code against her employer, or successfully brings a PAGA action, she is entitled to reasonable attorney fees. Cal. Labor Code § 1194 (unpaid overtime claim); § 2802(c) (reimbursement claim); § 2699(g)(1) (PAGA claim). If the employee achieves "limited success"—succeeding on some, but not all, of her claims—California courts apply the *Hensley* test to determine the appropriate fee award. *Gunther v. Alaska Airlines, Inc.*, 287 Cal. Rptr. 3d 229, 252 (Ct. App. 2021). Under *Hensley*, if a plaintiff "fail[s] to prevail on a claim that is distinct in all respects from [her] successful claims," apportionment is proper. 461 U.S. at 440. That is, the district court must delineate fees arising from the plaintiff's successful and unsuccessful claims and only

---

[4] It is largely undisputed that Alvarado's class and PAGA claims failed. Her class claims were either dismissed or denied class certification. And Alvarado did not receive any civil penalties under PAGA, nor was any portion of her settlement distributed to the state, so she is not a successful PAGA plaintiff. *See Galarsa v. Dolgen Cal., LLC*, 305 Cal. Rptr. 3d 15, 21 (Ct. App. 2023) (holding that if 75 percent of recovered funds is not distributed to the state as required by PAGA, the funds "[are] not recovered on a 'PAGA claim'").

award the former. But a plaintiff may recover fees for work performed on her unsuccessful claims if they "are so intertwined" with her successful claims "that it would be impracticable, if not impossible, to separate the attorney's time into compensable and non-compensable units." *Hjelm v. Prometheus Real Est. Grp., Inc.*, 208 Cal. Rptr. 3d 394, 410 (Ct. App. 2016) (quotation omitted).

When the claims are so related as to render apportionment impracticable, the court has discretion to determine whether the plaintiff's limited success justifies a fee award. *Gunther*, 287 Cal. Rptr. 3d at 252. "There is no precise rule or formula for making these determinations." *Hensley*, 461 U.S. at 436. The court may "attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436–37; *see also Reynolds Metals Co. v. Alperson*, 599 P.2d 83, 86 (Cal. 1979) ("[A]ttorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed.")

Under California law, Alvarado is therefore entitled to seek fees for her partially successful individual claims and, in accordance with *Hensley*, for her class and PAGA claims insofar as they are intertwined with her individual claims. *See Gunther*, 287 Cal. Rptr. 3d at 252. Because a section 998 agreement does not automatically alter the plaintiff's entitlement to costs and fees, *see Mangano*, 84 Cal. Rptr. 3d at 531, the availability of fees and costs under *Hensley* is the default, and Walmart must point to specific language in the parties' section 998 agreement to displace it. *Engle*, 68 Cal. Rptr. 3d at 464 ("The rule is that a section 998 offer to compromise excludes fees only if it says so expressly.").

Section 998 agreements are contractual in nature, so general contract principles apply to their interpretation as long as they do not "conflict with nor defeat the statute's purpose of encouraging the settlement of lawsuits prior to trial." *Timed Out LLC v. 13359 Corp.*, 230 Cal. Rptr. 3d 842, 849 (Ct. App. 2018) (quotation omitted). To interpret the parties' 998 agreement, we first "look to the plain meaning of the agreement's language." *Linton v. Cnty. of Contra Costa*, 243 Cal. Rptr. 3d 183, 189 (Ct. App. 2019). If the agreement's language "is clear and explicit, and does not involve an absurdity," it controls. Cal. Civ. Code § 1638. When a section 998 agreement is silent on fees and costs, "those fees and costs may be recovered in a later motion." *Timed Out*, 230 Cal. Rptr. 3d at 850; *see also Engle*, 68 Cal. Rptr. 3d at 168. Thus, "for attorney fees and costs to be waived, the waiver must be express and not by implication." *Timed Out*, 230 Cal. Rptr. 3d at 850.

The parties' section 998 agreement permits Alvarado to seek "reasonable fees and costs actually incurred . . . in pursuit of Plaintiff's individual claims in this action and recoverable by law." A plain reading of this language permits Alvarado to seek and obtain any fees, "recoverable by law," for her individual claims if, under California law, they are reasonable. That is no more and no less than she is otherwise entitled to under California law.

The surrounding text of the parties' agreement supports this interpretation. *See* Cal. Civ. Code § 1641 ("The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other."). The parties anticipated that they might disagree about what fees "incurred in pursuit of Alvarado's individual claims" are "recoverable by law." They provided for this eventuality by establishing a procedure for any

potential dispute—that Alvarado's fees would be "determined by the Court consistent with the terms of" the agreement. Indeed, Walmart reserved the right to "oppose any request for fees and costs not incurred in the prosecution of [Alvarado's] remaining individual claims." Because they could not agree on an answer themselves, they left it to the discretion of the district court.

Walmart argues that the agreement's plain language— specifically its repeated mention of "individual claims"— precludes an award of fees under *Hensley* altogether. The premise of Walmart's argument is that an award of fees under *Hensley* is an award of fees for Alvarado's class and PAGA claims, and because the agreement only mentions "individual claims," Alvarado cannot recover *Hensley* fees.

Walmart misunderstands the point of the *Hensley* analysis. If performed correctly, the *Hensley* analysis does not award fees for unsuccessful claims. Instead, it ensures that counsel is appropriately compensated for *successful* claims. *See Hensley*, 461 U.S. at 434–35. By awarding fees for "mixed work"—that is, work that advanced both unsuccessful and successful claims—the *Hensley* inquiry allows district courts to determine a fee award that is proportional to a plaintiff's success, no matter how individual entries are labeled. *Id.* at 435 (describing how when a plaintiff's claims "involve a common core of facts" or are "based on related legal theories," "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis"). In short, fees awarded under *Hensley* are fees awarded for Alvarado's *individual claims* and therefore plainly fall within the agreement's terms.

Far from rendering the term "individual claims" superfluous, our interpretation gives the term its full import. To hold otherwise would not only gut the agreement of its plain meaning under California law but would also require us to find that Alvarado waived her right to seek fees to which she is otherwise entitled—without any express language saying as much. This we cannot do. *See Timed Out*, 230 Cal. Rptr. 3d at 850.

We note that, before the district court, Walmart did not argue that the agreement precluded a *Hensley* analysis. To the contrary, Walmart robustly engaged with *Hensley*, arguing that Alvarado's class and PAGA claims were unrelated to her individual claims, and that the fees should be apportioned accordingly. Given that Walmart failed to even raise its now-favored interpretation of the section 998 agreement below, it can hardly be said to reflect the plain language of the agreement.

We therefore hold that the parties' section 998 agreement does not limit Alvarado's ability to seek fees or the district court's discretion to award fees otherwise recoverable under California law, including those awarded under *Hensley*.

## II. The district court abused its discretion when it failed to provide a "concise but clear" explanation for its fee award.

Although Alvarado may seek—and the district court may award—fees for interrelated claims under *Hensley*, the district court "must explain how it came up with the amount." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The district court's explanation need not be elaborate; it may be concise. *Hensley*, 461 U.S. at 437. But if it is concise, it must be clear. *Id.* When the district court's reasoning is indiscernible from the record,

contradictory, or non-existent, the award cannot stand. *See Gates v. Deukmejian*, 987 F.2d 1392, 1400 (9th Cir. 1992) ("Absent some indication of how the district court exercised its discretion, we are unable to assess whether the court abused that discretion."). Although we grant the district court great discretion in awarding attorneys' fees, "[w]e can't defer to reasoning that we can't review." *Moreno*, 534 F.3d at 1116.

The district court's decision is concise, but it is not clear. Alvarado's fee award is defensible only if the district court made two conclusions: First, that under *Hensley*, her class and PAGA claims are "related to" her individual claims and need not be apportioned. And second, that her limited success—the $22,000 she received for her individual claims—justified her $297,799 fee request in light of the scope of the original litigation. *Gunther*, 287 Cal. Rptr. 3d at 253 ("[*Hensley*] requires that the trial court evaluate the significance of the overall relief obtained by plaintiff in relation to the hours reasonably expended on the litigation and reduce the lodestar calculation if the relief is limited in comparison to the scope of the litigation as a whole."). Based on the record before us, it is unclear if the district court properly made these determinations. Indeed, Alvarado concedes that, at least to some degree, the district court did not correctly apply *Hensley* because she was improperly awarded $6,370.50 incurred solely to advance her class claims. And, despite the district court's statement that "apportionment is moot," the parties' briefing below and their continued litigation over Alvarado's revised fee request demonstrates otherwise.

What is more, the district court appears to have concluded that certain PAGA-related fees were improper, but it is unclear whether it actually deducted those fees from

the final award. After accepting Alvarado's fee request, the district court stated that because it "endorsed" Alvarado's voluntary deduction of "PAGA-related fees," it would deduct costs that Alvarado had "explicitly labeled 'PAGA-only'" from her request. But the district court could not have "endorsed" Alvarado's deduction of PAGA-related fees, because Alvarado did not deduct any PAGA fees in her revised request. Thus, it is unclear whether the district court misperceived Alvarado's revised fee request, or whether it had some valid reason for believing the reduced fee request accounted for Alvarado's PAGA-related fees. The district court's declaration that "apportionment is moot," combined with its later statement that it "endorsed" the deduction of fees that it did not deduct, calls into question the reasoning for its award.

The district court may have had legitimate reasons for adopting Alvarado's revised fee request. It is possible the district court decided that apportionment was impractical and concluded that Alvarado's near 50 percent reduction of her fee request adequately accounted for her limited success. But it is also possible that the district court failed to conduct the *Hensley* analysis entirely. Because we cannot discern *how* the district court exercised its discretion, we cannot determine whether it was appropriate, inappropriate, or exercised at all. We therefore vacate and remand Alvarado's fee award for reconsideration by the district court. We take no position on the propriety of Alvarado's fee award and leave for the district court to determine an appropriate fee award consistent with the principles outlined here—and to provide a "concise but clear" explanation for the award. *Hensley*, 461 U.S. at 437.

## CONCLUSION

We conclude that the parties' section 998 agreement does not preclude Alvarado from recovering fees under *Hensley*, but that the district court abused its discretion by failing to provide a clear explanation for its fee award.

**VACATED** and **REMANDED.** Each party shall bear its own costs on appeal.